# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KAREN C. McGAGH, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-19-1184 |
| MR. COOPER, *also known as* Nation's Star, | * | |
| | * | |
| Defendant | | |

***

## MEMORANDUM OPINION

Pending in this case is Nationstar Mortgage LLC, d/b/a Mr. Cooper[1] ("Nationstar" or "Defendant") motion to dismiss the Complaint. The motion is ripe and ready for review and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion is granted.

**I.  Background**

According to the Complaint, in December 2015, Cooper purchased the mortgage on McGagh's Baltimore home. Nationstar serviced McGagh's mortgage from December 1, 2016 to August 31, 2017. ECF No. 7-1 at p. 1. McGagh subsequently was paid $17,000 by check from an insurance company to repair a heater, air conditioner and dehumidifier damaged by a storm. ECF No. 1 ¶¶ 7-8. The check required the signature of the mortgage holder for deposit and that "she sent it as requested." *Id.* ¶9. Cooper, according to McGagh, lost the check and her health suffered because mold spread through her home, as did the health of her son, although he is not a party to this action. *Id.* ¶¶ 12-13. According to McGagh, Cooper found the insurance check, but

---

[1] McGagh describes Mr. Cooper as a debt collector in Texas. The record does not state whether Mr. Cooper was an employee, agent, or successor of Nationstar, although the parties treat Cooper and Nationstar as one and the same.

by then her mortgage loan had been sold to another company, SNSC in Eureka, California. *Id.* ¶17.

The Complaint alleges that Cooper and Nationstar violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g ("FDCPA"), the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. McGagh also brings common law claims for professional negligence, intentional infliction of harm, and unlawful harassment.

## II.    Standard of Review

In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions of wrongdoing' necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

The purpose of a motion to dismiss under Rule 12(b)(6) "is to test the sufficiency of the complaint." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked

assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Because Ms. McGagh is proceeding pro se, the Court construes the Complaint liberally to ensure that potentially meritorious claims survive challenge. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). That said, a court cannot ignore a pro se plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985))). When reviewing pro se complaints, a court must not abdicate its "legitimate advisory role" to become an "advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278.

### III. Discussion

Nationstar moves to dismiss all Ms. McGagh's claims. First, Nationstar argues that it is entitled to dismissal of the FTCA claim pursuant to 15 U.S.C. § 45, accurately noting that that statute does not provide a private right of action to an individual plaintiff. *See e.g.*, *Kantor v. Pompeo*, __ F. Supp. 3d __, 2019 WL4039639, at *4 (E.D. Va. Aug. 19, 2019) (citing *A & E Supply Co. v. Nationwide Mutual Fire Ins. Co.*, 798 F.2d 669, 675 (4th. Cir. 1986)). The FTCA claim is thus dismissed with prejudice.

Nationstar next argues the Complaint fails to allege facts sufficient to support a colorable claim under the FDCPA, because Nationstar does not fit the definition of a debt collector under the statue. McGagh argues that Defendant is a debt collector and her mortgage is a home loan. ECF No. 9, ¶1. The FDCPA requires, among other considerations, that a debt collector provide

notice of the debt. 1 5 U.S.C. § 1692g(a)(1)-(5). The Complaint avers no facts by which the Court could infer plausibly that Nationstar issued notice of debt, a written notice or communication about a debt owed or paid by either party, or any other colorable claim brought pursuant to the FDCPA.[4] This claim, too, must be dismissed. Further, because no set of facts consistent with those already pleaded could afford McGagh a cause of action under the FDCPA, this claim is also dismissed with prejudice.

As for the remaining state common law claims, the Court declines to exercise pendant jurisdiction. 28 U.S.C. § 1367(a) states, in part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Pendant jurisdiction includes "other claims" that relate to "claims in the action" for which this Court maintains original jurisdiction. "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Court will do so here. McGagh is free to pursue her common law claims in state court.

### IV.     Conclusion

For these reasons, the Court shall grant Nationstar's Motion to Dismiss. A separate Order follows.

  10/25/19                                              /S/
Date                                             Paula Xinis
                                                 United States District Judge

---

[4] Nationstar alternatively asserts this claim is barred under the FDCPA's one-year statute of limitations. *See* 15 U.S.C. §1692k(d). Because the timeline is not altogether clear from the Complaint, the Court declines to reach this argument.

4